UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL LANE, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-14-830 |
| | : |
| JEROME W. WALSH, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

**<u>MEMORANDUM</u>**

Plaintiff, Carl Lane, an inmate currently confined at the State Correctional Institution at Fayette, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has paid the full filing fee in this matter. Named as Defendants are eight employees and two inmates at SCI-Dallas, Plaintiff's former place of incarceration. Presently pending on the docket are Plaintiff's motions for counsel (Doc. 32), to amend his complaint (Doc. 39), and for the voluntary dismissal of some Defendants (Doc. 45). Also pending are Defendants' motions for judgment on the pleadings (Docs. 28, 30) and to stay discovery (Doc. 15).

**I.    Background**

Plaintiff alleges that the relevant incidents occurred on April 28, 2012, and from May 15, 2012 through the time the complaint was filed on April 29, 2014. He claims he was attacked by Defendants, Kaymel Brown and John Spady, both inmates.

The attack occurred in a stairwell in the prison. According to Plaintiff, Defendants, Walsh and Snyder, were aware of the history of stairwell assaults, but ignored the risk to inmates of being attacked there, when they failed to take any precautionary measures. (Doc. 1-1, Compl.) Plaintiff claims that inmates, Spady and Brown, planned the attack because they knew the stairwell was unmonitored.

It is further asserted that Defendant Wilson, a Pennsylvania State Police officer, refused to take any criminal law enforcement action against the inmates despite "ample evidence." (Id.) Plaintiff believes that Wilson failed to do so because Plaintiff is not an officer or a white inmate.[1] Based on the foregoing, Plaintiff seeks monetary relief and a jury trial.

## II. Discussion

### A. Motion for Counsel

In support of his request for the appointment of counsel, Plaintiff states that he is unable to afford a lawyer, suffers from mental illness, is without access to the law library, and that his case file is in storage at SCI-Fayette. (Doc. 32.)

There is neither a constitutional, nor statutory right to counsel for civil litigants. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2001). Congress has

---

[1] Although named as Defendants in the caption of Plaintiff's filing, the following individuals employed at SCI-Dallas are not referenced at all in the body of the complaint: Lawrence Mahally, J. Zakarauskas, Gary Gordon, Mark Pall, R. Patterson and Louise Cicerchia.

granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1)(Noting that appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is "discretionary"). A court's discretionary authority to appoint an attorney to represent a civil litigant (prisoner or non-incarcerated individual) only comes into play when the party is proceeding within the terms of 28 U.S.C. § 1915, *Proceedings In Forma Pauperis*, which necessarily implies the litigant's indigent status, and is made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

In the instant case, Plaintiff is not proceeding in forma pauperis under 28 U.S.C. § 1915. He paid the full filing fee of $400.00 in this action. As such, the court is without authority to consider his request for the appointment of counsel.[2]

### B.    Motion to stay discovery

Immediately after filing his complaint, Plaintiff served discovery requests on the Defendants. This occurred prior to the filing by Defendants of any response to the complaint. Since that time, Defendants have filed motions seeking judgment on the pleadings. Defendants move to stay discovery pending the resolution of the motions

---

[2] However, the court notes that even if he were proceeding in forma pauperis, any request for counsel would be denied in that Plaintiff's motion fails to set forth any special factors or circumstances warranting the appointment of counsel in accordance with Tabron, 6 F.3d at 155-57. The pleadings submitted by Plaintiff are clearly written and he is literate. The issues involved are not complicated and Plaintiff has recently been provided with a copy of the documents in this action.

for judgment on the pleadings, which may potentially dispose of some or all of the claims before the court.

The court has broad discretion to stay discovery pending resolution of a dispositive motion. Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985). A stay is proper where the likelihood that a motion to dismiss may result in a narrowing or outright elimination of discovery outweighs any likely harm from the delay. 19th St. Baptist Church v. St. Peters Episcopal Church, 190 F.R. D. 345, 349 (E.D. Pa. 2000).

In Mann v. Brenner, 375 F. App'x 232, 239-40 (3d Cir. 2010), the Third Circuit stated that staying discovery while evaluating a motion to dismiss may be appropriate in certain circumstances, such as while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile. The Court stated that:

> A Motion to Dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development. See Neitzke v. Williams, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)(the purpose of Rule 12(b)(6) is to "streamline [] litigation by dispensing with needless discovery and factfinding); Chudsama v. Mazda Motor Corp., 12 F.3d 1353, 1367 (11th Cir. 1997)("A motion to dismiss based on failure to state a claim for relief should . . . be resolved before discovery begins."); Rutman Wine Co. v. E.&J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987)(the idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defies common sense [because] the purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."). Accordingly, the District Court did not abuse its discretion in staying discovery pending resolution of the motions to dismiss.

4

Mann, 375 F. App'x at 239-40.

Based on the foregoing, the granting of Defendants' motion would be in order. However, due to the following resolution of Defendants' motions for judgment on the pleadings, the motion to stay discovery will be dismissed as moot.

**C.    Remaining motions**

Because the motions remaining in this action are related, the court will address them together.  Pending are Defendants' motions for judgment on the pleadings, Plaintiff's motion to file an amended complaint, and Plaintiff's request for voluntary dismissal of certain Defendants.

Voluntary Dismissal

Plaintiff requests to dismiss all of the following Defendants from this action: Mahally, Gordon, Patterson, Zakarauskas, Cicerchia, Pall and Wilson.  The court will grant this request pursuant to Fed. R. Civ. P. 41(a)(2), and dismiss said Defendants from this action.  Remaining are the following Defendants: Walsh, Snyder, Brown and Spady.  Based on the foregoing, the motion for judgment on the pleadings filed by Defendant Wilson will be dismissed as moot.

Motion for Judgment on Pleadings

Based on the foregoing discussion, the motion for judgment on the pleadings filed by Defendant Wilson will be dismissed as moot.  The DOC Defendants' have also filed a motion for judgment on the pleadings.  In light of the court's disposition

5

of Plaintiff's request for voluntary dismissal, the motion will be dismissed as moot with respect to Defendants, Mahally, Gordon, Patterson, Zakarauskas, Cicerchia, and Pall, who have been voluntarily dismissed from this action. The DOC Defendants' motion for judgment on the pleadings will proceed only with respect to Defendants, Walsh and Snyder.

Pursuant to Federal Rule of Civil Procedure 12(c), judgment on the pleadings will be granted only if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." Sikirica v. Nationwide Insurance Company, 416 F.3d 214, 220 93d Cir. 2005)(citing Society Hill Civic Association v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980)). The court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Id.

A party may move for judgment on the pleadings "[a]fter the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c). The pleadings are closed after an answer is filed, along with a reply to any additional claims asserted in the answer. Austin Powder Company v. Knorr Contracting, Inc., 2009 WL 773695, at *1 (M.D. Pa. Mar. 20, 2009).

Ordinarily, in deciding a motion for judgment on the pleadings, the court considers the pleadings and attached exhibits[3], undisputedly authentic documents

---

[3] See Fed. R. Civ. P. 10(c).

attached to the motion for judgment on the pleadings, if plaintiff's claims are based on the documents[4], and matters of public record[5].

However, as here, where a motion for judgment on the pleadings asserts that Plaintiff fails to state a clam on which relief can be granted, the court considers the motion under the same standard as a Rule 12(b)(6) motion, even where no motion to dismiss under Rule 12(b)(6) has been made. See, e.g., Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

In resolving the motion to dismiss, the court must "conduct a two-part analysis." Fowler, 578 F.3d at 210. First, the court must separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, the court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211

---

[4] Citisteel USA, Inc. v. General Electric Company, 78 F. App'x 832, 835 (3d Cir. 2003); Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

[5] Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n. 2 (3d Cir. 1994).

7

(quoted case omitted.)

Defendants, Walsh and Snyder, claim that they are entitled to judgment on the pleadings because Plaintiff failed to properly exhaust his administrative remedies with respect to the claims raised against them in the complaint. (Doc. 28.) Plaintiff has failed to oppose the motion.[6] Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000). It has been made clear that the exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000)(same). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

"[I]t is beyond the power ... of any ... [court] to excuse compliance with the

---

[6] Although Plaintiff did not file opposition to the motion for judgment on the pleadings which was due on approximately December 1, 2014, he did later file a motion for leave to amend the complaint on January 22, 2015. As will be discussed, the motion to amend does not cure Plaintiff's failure to properly exhaust. As such, allowing any amendment would be futile.

8

exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quoting Beeson v. Fishkill Com Facility, 28 F.Supp.2d 884, 894-95 (S.D. N.Y. 1998). Proper exhaustion is also required prior to commencing any suit in federal court. Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure in the course of its proceedings." Id. at 90-91. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

In applying this procedural defect component of the exhaustion requirement, the Third Circuit has recognized that a prisoner's grievance should identify the specific persons who are later sued. Spruill, 372 F.3d at 234; Williams v. Pennsylvania Dep't of Corrections, 146 F. App'x 554, 557 (3d Cir. 2005); Robles v. Casey, No. 1:10-CV-2663, 2013 WL 308699, *3 (M.D. Pa. January 25, 2013); Ball v. Struthers, No. 1:11-CV-1265, 2012 WL 2946785, at *3 (M.D. Pa. July 19, 2012). The grievance must also present the problems that the inmate wishes to have resolved by the prison. See Ball, 2012 WL 2946785, at *10.

The Pennsylvania DOC has a three-tiered grievance procedure set forth in DC-ADM 804. Pursuant to this procedure, inmates are first encouraged to express their

9

concerns to staff by written or verbal communication in an attempt to resolve the problems as soon as possible. Where the concern is unable to be resolved, the inmate may then seek initial review, an appeal to the Superintendent, and an appeal to the Secretary's Office of Inmate Grievances and Appeals for final review.

In the instant case, it is not disputed that Plaintiff filed a grievance and the appeals therefrom as required by the three-tiered policy set forth by the DOC. Rather, Defendants state that Plaintiff's grievance was procedurally defective in that he did not properly identify the individuals at SCI-Dallas who knew or should have known that his life was in danger on the date in question, and that those individuals failed to take reasonable action to prevent his injuries. The only names specifically referenced in the grievance filed are Defendant Pall (whom Plaintiff has voluntarily dismissed) and Defendant Walsh. (Doc. 27-1, Answer at 2.) Although Walsh is still an active Defendant in this matter, Plaintiff does not mention him with respect to the incident that occurred as having knowledge that his life was in jeopardy or claim that Walsh failed to protect him. Rather, Walsh is only referenced with respect to Plaintiff having talked with him following the assault incident for the purpose of requesting that criminal charges be filed against the inmates. (Id.)

As such, there are no allegations in the grievance that either Defendant Walsh or Defendant Snyder violated Plaintiff's Eighth Amendment rights by failing to protect him from assaults at the prison. Plaintiff's failure to properly exhaust his

10

claims thus precludes him from pursuing these claims in this court. Defendants, Walsh and Snyder, are therefore entitled to judgment on the pleadings.

<u>Motion to amend complaint</u>

Although Plaintiff has filed a motion seeking leave to amend his complaint, and has filed a proposed amended complaint, his request will be denied for the following reasons. Pursuant to Fed. R. Civ. P. 15(a)(2), once a party has amended their pleading once as a matter of course within the appropriate time limits set forth in Rule 15(a)(1), a party may amend its pleading only with the opposing party's written consent , or the court's leave. Rule 15(a) promotes a liberal leave policy, requiring that leave be given when justice so requires such as in the absence of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, and repeated failure by plaintiff to cure deficiencies through earlier amendment. <u>See</u> Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

However, the court can deny a motion to amend if the amendment would be futile. <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004); <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000). In the instant case, the proposed amended complaint submitted by Plaintiff merely beefs up the factual allegations against each Defendant, including those Defendants he later moves to voluntarily dismiss from this action. He also includes facts with respect to criminal charges later filed against his inmate attackers by the Pennsylvania State Police, and the results of those proceedings.

(Doc. 42, Proposed Am. Compl.) The proposed amended complaint does not cure Plaintiff's failure to properly exhaust his claims against Defendants, Walsh and Snyder. As such, the granting of the motion to amend would be futile.

Inmate Defendants

The only remaining Defendants named in this action are inmates Brown and Spady. Pursuant to the court's screening ability under 28 U.S.C. § 1915A, these Defendants will be dismissed in that they are not state actors, and therefore not properly named as defendants in an action filed pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights. See Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. July 13, 2011)(Third Circuit found that District court "properly concluded that [Plaintiff inmate] cannot sue Inmate Seaman under § 1983 because he is not a state actor.") Further, Plaintiff does not allege that inmates Brown and Spady conspired with any of the prison state actor Defendants to attack him. See Simonton v. Tennis, supra (citing Dennis v. Sparks, 449 U.S. 24, 27-28 (1980)("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.").

While Plaintiff cannot maintain § 1983 claims against Defendants Brown and Spady because they are not state actors, Plaintiff may be able to pursue his state tort claims against them. In fact, in the complaint, he states that he is bringing state law tort claims against these Defendants for malicious and wrongful injury and intentional

12

infliction of emotional distress. However, because of the court's resolution of the remaining Defendants' motion for judgment on the pleadings and Plaintiff's motion to amend the complaint, the court declines to exercise supplemental jurisdiction over any state claims. The claims against the inmate Defendants are dismissed without prejudice to any right Plaintiff may have to pursue his claims in state court.

    An appropriate order follows.